### No. 294

No. 19253—The St. Marys Gas Co. v. L. C. Brodbeck, Admr. Error to the Court of Appeals of Auglaize county.

829. NEGLIGENCE—It is never presumed from accident and injury in the absence of res ipsa loquitur.

480. EVIDENCE—Allegations of want of due care, in action for negligence, should be submitted to the jury under proper instructions.

465. ERROR—It is not error for trial judge to direct verdict for defendant when a gas explosion occurs on owners premises thereby injuring him, when defendant Gas Company had no notice of defect in equipment, or when the explosion was not with certainty ascertained as arising from natural gas, sewer gas, or gasoline fumes.

677. JUDGMENT AND DECREE—Judgment cannot be supported by an inference upon an inference.

949. PRESUMPTIONS—There can be no presumptions of negligence from injuries due to defective appliances unless such appliances are under the management or control of defendant or its authorized agents.

MARSHALL, C. J.

1. Where the doctrine of res ipsa loquitur is not involved, negligence is never presumed from the mere fact of an accident and resulting injury, but specific acts or omissions indicating failure on the part of the defendant to exercise due care must be alleged as the direct and proximate cause of the injury and the burden is upon the plaintiff to prove the same.

2. Any evidence tending to establish allegations of want of due care or from which any reasonable inference of such want of due care may be drawn should be submitted to the jury under proper instructions.

3. Where personal injuries are caused by an explosion upon premises owned and controlled by the injured party and in a suit against a gas company there is no evidence of the cause of the explosion and the explosion is referable under the evidence to natural gas, or sewer gas, or gasoline fumes, and there is no evidence of any defect in the appliances and equipment furnished by the gas company upon the premises, and there is no evidence that the equipment was not of standard type or character or that it was old or worn out or rendered dangerous by long-continued use, or other evidence of want of care in its installation or maintenance, and no evidence of notice or knowledge on the part of the gas company or its agents and servants of any defects in such equipment, it is not error for the trial court to direct a verdict in defendant's favor.

4. Under such facts a recovery would only be supported by an inference upon an inference, which is not permitted. Sobolovitz v. Lubric Oil Co., 107 Ohio St., 204. Approved and followed.

5. Where it is claimed that a presumption of negligence arises from injuries due to a defective appliance or instrumentality, it must appear that such instrumentality is under the management or control of the defendant or his agents and servants.

Judgment reversed.

Jones, Matthias, Day, Allen, Kinkade, and Robinson, JJ., concur.